An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-753

Filed 6 May 2026

Lincoln County, No. 24JA000064-540

IN THE MATTER OF: A.R.H.

Appeal by respondent-father from order entered 1 May 2025 by Judge J. Brad Champion in Lincoln County District Court. Heard in the Court of Appeals 22 April 2026.

> *Robinson & Lawing, LLP, by Christopher M. Watford, for the respondent-appellant-father.*

> *Lincoln County Department of Social Services, by R. Scott Hudson, for petitioner-appellee*

> *Ellis & Winters LLP, by Suraj Vege, for guardian ad litem.*

TYSON, Judge.

Respondent-Father appeals from the trial court's review order, which changed the custody of his minor child, A.R.H. We affirm in part and dismiss in part.

## I.  Background

The minor child, A.R.H. ("Allen" as pseudonym pursuant to Rule 42(b) of the N.C. Rules of Appellate Procedure), was four months old when his parents lost their housing and lived in a tent in the backyard of a relative's home. Allen's mother made

arrangements for Rick and Karen Lingerfelt to help care for Allen until their housing situation stabilized. Allen was staying at both the Lingerfelt's home and with his parents in the tent. The parents later secured a camper, which they placed on a relative's property.

The Lincoln County Department of Social Services ("DSS") received a report in August of 2023 asserting Allen, who was then thirteen months old, was living in an environment injurious to his welfare. The camper they lived in had no running water, no food, and no place for him to sleep. The camper was covered with a tarp because it was leaking and was powered by a drop cord plugged into a nearby house. Allen stayed in the camper every day except Sundays, when he was with the Lingerfelts. DSS provided financial assistance for the parents to secure housing, but they purportedly did not attempt to locate more suitable housing.

On 30 May 2024, DSS filed a petition alleging Allen was a neglected juvenile. On 18 November 2024, the trial court adjudicated Allen as neglected. The parents were still living in the camper, which remained unfit for habitation. Allen was placed in the Lingerfelt's home, and the parents visited him daily and on weekends.

The trial court ordered the parents to maintain safe and stable housing, and Respondent-Father was ordered to "comply with all necessary appointments for [Allen]." The parents were permitted to continue visiting with Allen during the day. The plan for Allen was reunification with a concurrent plan of custody with a court-approved caretaker.

When the case was reviewed on 18 March 2025, the parents still had not obtained appropriate housing. The trial court found "there is no clear reason why the [parents] have not acquired appropriate housing" and "the Court does not consider poverty to be the problem." The court granted legal and physical custody of Allen to the Lingerfelts. The parents were ordered to obtain safe and stable housing and comply with all medical appointments for Allen. Respondent-father appeals.

## II.    Issues

Respondent-Father argues the trial court erred by: (1) finding the Lingerfelt's understood the legal significance of the order awarding them custody of Allen; and (2) failing to specify all relevant conditions of Respondent-Father's visitation.

## III.    Jurisdiction

This Court has jurisdiction to review a final order of the trial court changing the custody of a juvenile pursuant to N.C. Gen. Stat §§ 7B-1001(a)(4) and 7A-27(b)(2) (2025).

## IV.    Standard of Review

This Court reviews the trial court's order to determine "whether there is competent evidence in the record to support the findings [of fact] and whether the findings support the conclusions of law." *In re L.R.L.B.*, 377 N.C. 311, 315, 857 S.E.2d 105, 111 (2021) (citation and quotation marks omitted) (alterations in original). "The trial court's conclusions of law are reviewable *de novo* on appeal." *In re P.O.,* 207 N.C. App. 35, 41, 698 S.E.2d 525, 530 (2010) (citation and quotation marks omitted).

"Under a de novo review the court considers the matter anew and freely substitutes its own judgment for that of the trial court." *In re E.E.*, 294 N.C. App. 133, 136, 902 S.E.2d 299, 302 (2024) (citation and quotation marks omitted).

## V. Legal Significance of Custody

Respondent-Father argues the trial court's finding the Lingerfelt's understood the legal significance of the order awarding custody was not supported by the evidence. N.C. Gen. Stat. § 7B-906.1 is the statute governing review and permanency planning hearings under the Juvenile Code. The statute provides:

> (j) If the court determines that the juvenile shall be placed in the custody of an individual other than a parent or appoints an individual guardian of the person pursuant to G.S. 7B-600, *the court shall verify that the person receiving custody or being appointed as guardian of the juvenile understands the legal significance of the placement* or appointment and will have adequate resources to care appropriately for the juvenile. The fact that the prospective custodian or guardian has provided a stable placement for the juvenile for at least six consecutive months is evidence that the person has adequate resources.

N.C. Gen. Stat. § 7B-906.1(j) (2025) (emphasis supplied).

The trial court found it had "made an inquiry into whether the Lingerfelts understand their obligations should custody be granted to them and . . . is satisfied that they do." "This Court has held that N.C. Gen. Stat. § 7B-906.1(j) does not require the trial court to 'make any specific findings in order to make the verification.'" *In re J.D.M.-J.*, 260 N.C. App. 56, 65, 817 S.E.2d 755, 761 (2018) (quoting *In re J.E.*, 182 N.C. App. at 612, 616-17, 643 S.E.2d 70, 73, *disc. review denied*, 361 N.C. 427, 648

S.E.2d 504 (2007)). "However, we have made [it] clear . . . the record must show the trial court received and considered reliable evidence . . . the guardian or custodian had adequate resources and understood the legal significance of custody or guardianship." *Id.* at 65, 817 S.E.2d at 761.

Our Court has explained:

> Evidence sufficient to support a factual finding that a potential guardian understands the legal significance of guardianship can include, *inter alia,* testimony from the potential guardian of a desire to take guardianship of the child, the signing of a guardianship agreement acknowledging an understanding of the legal relationship, and testimony from a social worker that the potential guardian was willing to assume legal guardianship.

*In re E.M.*, 249 N.C. App. 44, 54, 790 S.E.2d 863, 872 (2016).

In the case of *In re E.M.*, the husband in the custodial couple did not testify at all. *Id.* at 55, 790 S.E.2d at 872. The wife testified but never asserted her understanding of the legal significance of the custodial relationship. *Id.* This Court vacated the custodial order and remanded for further findings. *Id.* at 55, 790 S.E.2d at 872.

Here both Mr. and Mrs. Lingerfelt testified they desired to exercise custody over Allen. Mr. Lingerfelt testified custody to him meant "steady placement" of Allen with them, and they "could take care of his doctors and meet his needs." He further testified custody meant Allen is "under our care, stable" and "that's his stability and what he knows, his home, and we need to take care of him." Mrs. Lingerfelt testified

she understood "custody means giving [Allen] stability, a home, a loving home."

Both Mr. and Mrs. Lingerfelt adequately testified as to their layperson understanding of "legal custody" to satisfy N.C. Gen. Stat. § 7B-906.1(j) (2025). The statute does not require a prospective custodian to demonstrate an attorney or judge's understanding of the concept of custody. *Id.* This argument is overruled.

## VI. Visitation

Respondent-Father argues the trial court's order fails to comply with N.C. Gen. Stat. § 7B-905.1(c) (2025) because it did not state whether the visits were supervised or unsupervised. A subsequent permanency planning hearing was held on 15 April 2025 and order entered 19 June 2025, which is the subject of the companion appeal. *In re A.R.H.* (COA25-1167). The 19 June 2025 order revised Respondent-Father's visitation schedule, and the visitation issue is addressed in our decision in the companion case. Respondent-Father's argument about the visitation schedule in this case is dismissed as moot. *See 130 of Chatham, LLC v. Rutherford Elec. Membership. Corp.*, 241 N.C. App. 1, 7, 771 S.E.2d 920, 925 (2015) ("As a general matter, a case is moot when 'a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.'" (quoting *Roberts v. Madison Cnty. Realtors Ass'n, Inc.*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996)).

## VII. Conclusion

The trial court sufficiently complied with N.C. Gen. Stat. § 7B-906.1(j) and received sufficient evidence the Lingerfelts understand the legal significance of

Allen's placement with them. N.C. Gen. Stat. § 7B-906.1(j) (2025). We dismiss Respondent-Father's argument regarding the sufficiency of the visitation order as moot because the visitation order was revised by the subsequent permanency planning order and is addressed in the companion case. *In re A.R.H.* (COA25-1167). *It is so ordered.*

AFFIRMED IN PART and DISMISSED IN PART.

Judges COLLINS and GORE concur.

Report per Rule 30(e).